UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARVIN SMITH SHAHEEN,

              Plaintiff,

                                                                               **Hon. Hugh B. Scott**

              v.                              04CV546A

                                                                 **Report**
                                                                  **&**
JOHN BEAVER, et al.,                                  **Recommendation**

              Defendants.

Before the Court is defendants' renewed motion to compel or alternatively to dismiss for failure to prosecute (Docket No. 12, Oct. 4, 2005; see Docket No. 7, Aug. 29, 2005). This case was referred to the undersigned by Chief Judge Arcara (Docket No. 8, Aug. 31, 2005).

## BACKGROUND

Defendant Jeffrey Skinner served interrogatories upon plaintiff (Docket No. 6, Aug. 17, 2005). This Court denied the motion as premature, without prejudice, because discovery could not have begun until after the parties have conferred under Rule 26(f), see Fed. R. Civ. P. 26(d), and the Court had not then entered a Scheduling Order (Docket No. 9, Sept. 1, 2005; see Docket No. 12, Defs. Atty. Decl. ¶ 10). The Court then issued a Scheduling Order which set forth the discovery deadlines, as well as deadlines for preliminary motions to dismiss (Docket No. 10; see Docket No. 12, Defs. Atty. Decl. ¶ 11). These items were sent to plaintiff at his last known address, the correctional facility he was then assigned to. These items later were returned as

undeliverable because plaintiff was released and did not leave a forwarding address (Court's docket entry of Sept. 8, 2005).

Defendants in their renewed motion state that they reserved their discovery demands to plaintiff's last known address at the correctional facility (Docket No. 12, Defs. Atty. Decl. ¶ 12). They state that they are not aware plaintiff is once he was released from Department of Correctional Services' custody (id. ¶¶ 7, 8) and note that plaintiff failed to provide the Court or defense counsel with his new address (id. ¶ 13).

The Court issued a briefing schedule with an Irby notice (Docket No. 14), with responses due on or before October 21, 2005, and any reply due by October 28, 2005.  Plaintiff was warned there that if he failed to respond to this motion, appear at this argument, or contact the Court to seek its rescheduling, this Court may recommend that the action be dismissed for failure to prosecute, attaching an Irby notice.  See Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001).  The Court also indicated that if either defendants learn or plaintiff reveals his present address, a copy of that briefing Order would be sent to that new address (Docket No. 14).

Plaintiff was also reminded that under this Court's Local Civil Rule 5.2(d) a party appearing pro se must furnish the Court with a current address where papers may be served and the Court must have a current address at all times.  (Docket No. 14.)  That rule requires the pro se party to inform the Court, in writing, of all changes of address, with failure to do so possibly resulting in dismissal of their case.  W.D.N.Y. Local Civ. R. 5.2(d).  Papers sent to the address in the Court records is presumed to have been received by the pro se party.  Id.

That Order was sent to plaintiff's last known address, at the Coxsackie Correctional Facility.  That Order, however, was returned as undeliverable by the United States Postal Service

on October 17, 2005, with a notation that his was released on August 18, 2005.  Defendants have not provided a new address for plaintiff following his release from state custody.  Under this Court's Local Civil Rule 5.2, a <u>pro se</u> plaintiff's failure to provide his current address to the Court "may result in dismissal of the case with prejudice."  W.D.N.Y. Loc. Civ. R. 5.2(d). Therefore, it is recommended that defendants' motion to dismiss the Complaint (Docket No. 12) be **granted**; their motion to compel be deemed **moot** upon this dismissal; alternatively, that the case be **dismissed** pursuant to local rule.

## CONCLUSION

For the reasons stated above, it is recommended that defendants' motion to dismiss the Complaint (Docket No. 12) be **granted** but their alternative motion to compel production be **deemed moot**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT**

**DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
       October 26, 2005